UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARANJIT KAUR,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,[1]<br><br>                    Defendant.<br>_____/ | Case No. 1:23-cv-01135-KES-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE AFFIRMED<br><br>(Doc. 12)<br><br>14-DAY DEADLINE |

## I.     INTRODUCTION

On July 31, 2023, Plaintiff Charanjit Kaur ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for

---

[1] On December 20, 2023, Martin O'Malley was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

summary judgment be denied and that the final decision of the Commissioner be affirmed.

## II. BACKGROUND

On April 13, 2018, Plaintiff protectively filed a claim for DIB, alleging she became disabled on June 1, 2016, due to a torn rotator cuff; partial ligament tear; swelling in knees and ankles; high blood pressure; difficulty walking, sitting, and standing for long periods; right shoulder pain; and migraines. (Administrative Record ("AR") 14, 65, 66, 358, 359.) She thereafter amended her alleged onset date to August 20, 2017. (AR 34.)

### A. Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on May 13, 2020, and again on reconsideration on December 23, 2020. (AR 48–63, 107–109.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 160–90.) The ALJ conducted a hearing on March 16, 2022. (AR 30–46.) Plaintiff appeared at the hearing with her attorney and an interpreter and testified. (AR 34–40.) A Vocational Expert ("VE") also testified at the hearing. (AR 40–46.)

### B. The ALJ's Decision

In decision dated May 4, 2022, the ALJ found that Plaintiff was not disabled. (AR 14–23.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 16–23.) The ALJ decided that Plaintiff last met the insured status requirements of the Act on March 30, 2022, and she had not engaged in substantial gainful activity during the period from her alleged onset date of June 1, 2016, through her date last insured of March 30, 2022 (step one). (AR 18.) At step two, the ALJ found Plaintiff's following impairments to be severe: left anterior cruciate ligament (ACL) tear, acromion/rotator cuff tear and osteoarthritic changes in the left shoulder, acromion and osteoarthritic changes in the right shoulder, and degenerative disc disease of the cervical spine. (AR 16–17.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 17–18.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that, through the date last insured, Plaintiff had the RFC:

> to perform light work as defined in 20 CFR [§] 404.1567(b) except she could lift 20 pounds occasionally and ten pounds frequently, and stand, walk or sit for six hours of eight hours each. She was limited to occasional overhead activities with the left nondominant upper extremity and frequent overhead activities with the right upper extremity. She could frequently climb ramps or stairs. She could never climb ladders, ropes or scaffolds. She could frequently crouch and crawl. She [] cannot work at unprotected heights or around dangerous moving machinery.

(AR 18–22.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" they rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record . . . ." (AR 19.) Based on her RFC, the ALJ determined that Plaintiff was able to perform her past relevant work as a poultry eviscerator (step 4). (AR 22–23.) The ALJ concluded Plaintiff was not disabled at any time from June 1, 2016, the alleged onset date, through March 30. 2022. the date last insured. (AR 23.)

Plaintiff sought review of the ALJ's decision before the Appeals Council, which denied review on May 30, 2023. (AR 1–6.) Therefore, the decision became the final decision of the Acting Commissioner. 20 C.F.R. § 404.981.

### III.   LEGAL STANDARD

**A.   Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

"to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when

1   the ALJ's findings are based on legal error or are not supported by substantial evidence in the record
2   as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). *See also Ford v. Saul*, 930 F.3d 1141,
3   1153–54 (9th Cir. 2020). "Substantial evidence . . . is 'more than a mere scintilla,' " and means
4   only "such relevant evidence as a reasonable mind might accept as adequate to support a
5   conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v.
6   NLRB*, 305 U.S. 197, 229, (1938)). *See also Ford v. Saul*, 930 F.3d 1141, 1153–54 (9th Cir. 2020).
7   "This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574
8   F.3d 685, 690 (9th Cir. 2009). "The court will uphold the ALJ's conclusion when the evidence is
9   susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d
10  1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation,
11  the court may not substitute its judgment for that of the Commissioner.") (citations omitted).

12  In reviewing the Commissioner's decision, the Court may not substitute its judgment for that
13  of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must
14  determine whether the Commissioner applied the proper legal standards and whether substantial
15  evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d
16  909, 911 (9th Cir. 2007). Nonetheless, "the Commissioner's decision 'cannot be affirmed simply
17  by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa
18  v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a
19  whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's]
20  conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

21  Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless."
22  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*,
23  454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record
24  that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti
25  v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins v. Social Sec. Admin.*, 466 F.3d
26  880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon
27  the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)
28  (citations omitted).

## IV.   DISCUSSION

Plaintiff's sole allegation of error is that the ALJ violated her due process rights by imposing an "arbitrary time limit" on her hearing testimony. (Doc. 12 at 4–7; Doc. 18 at 1–4.) "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Ford*, 950 F.3d at 1158 n.12 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "The Supreme Court has not set any fixed rule for determining the adequacy of process." *Butler v. Apfel*, 144 F.3d 622, 626–27 (9th Cir. 1998). "Rather, it has held that 'due process is flexible and calls for such procedural protections as the particular situation demands.'" *Id*. (quoting *Mathews*, 424 U.S. at 334).

The Supreme Court has also made clear that the conduct of Social Security hearings "rests generally in the examiner's discretion" so long as the procedures are "fundamentally fair." *Richardson v. Perales*, 402 U.S. 389, 400, 401 (1971). Thus, to succeed in showing a violation of due process rights, a social security claimant must show that "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005) (quoting *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001)) (internal quotations omitted).

**A.   Plaintiff Has Not Shown a Due Process Violation**

As the basis of her argument that the ALJ violated her due process rights by truncating her hearing testimony, Plaintiff points to the following exchange between her, her attorney, and the ALJ:

> ALJ: Okay. Mr. Turkish, we need to move on. I've got four minutes left and I have another hearing with a medical expert so I cannot be late.
>
> ATTY: Okay. The job you worked, was it sit down or stand up?
>
> CLMT: Standing.
>
> ATTY: Judge, let's go to the vocational expert.
>
> ALJ: Okay.

(AR 39–40.)

Plaintiff has not shown that the ALJ's comment that "we need to move on" was "so extreme as to display clear inability to render fair judgment," *Bayliss*, 427 F.3d at 1214–15, or resulted in a hearing that was not "fundamentally fair," *Richardson*, 402 U.S. at 401. Plaintiff concedes that there

6

is no legal requirement that ALJ hearings occur within a set period of time. (*See* Doc. 12 at 6.) The hearing lasted approximately 44 minutes (see AR 32, 46), and Plaintiff, with the aid of an interpreter, testified for over 30 minutes about her past work (AR 35–36, AR 40) and her alleged impairments (AR 36–39). After the ALJ's suggestion that they "need to move on," Plaintiff's attorney directed the ALJ to "go to the vocational expert" (AR 40), and at no point objected that the ALJ cut off his questioning of Plaintiff. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."); *see also Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (issue waived because attorney had opportunity to raise it at administrative hearing but did not do so). Plaintiff's attorney also was given the opportunity to, and did, question the vocational expert, and made a closing statement (AR 44–45).

Following the hearing, the ALJ issued a 10-page detailed decision that discussed the evidence and testimony. On this record, the undersigned finds "no egregious behavior tantamount to a due process violation."[4] *Fifield v. Colvin*, No. 3:15-CV-02180-CL, 2017 WL 1217220, at *10 (D. Or. Jan. 10, 2017), *report and recommendation adopted sub nom. Fifield v. Comm'r of Soc. Sec.*, No. 3:15 CV 02180-CL, 2017 WL 1217150 (D. Or. Mar. 30, 2017) (rejecting argument that the ALJ "improperly truncated" claimant's hearing and violated his due process rights, where claimant's counsel stated that he had no further questions, declined to ask further questions of the vocational expert testifying at the hearing, and the ALJ issued a decision "in considerable detail.").

**B.     Plaintiff Has Not Shown Prejudice**

Even assuming, *arguendo*, the undersigned were to find that the ALJ impaired Plaintiff's

---

[4] Plaintiff suggests that the ALJ's comment that "we need to move on" violated the procedural guidelines set forth in the Commissioner's Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-2-6-60. (*See* Doc. 18 at 3.) That provision provides, in relevant part, that "[t]he claimant and an appointed representative, if any, have the right to question witnesses to inquire fully into the matters at issue." I-2-6-60(B). TESTIMONY OF CLAIMANTS AND WITNESSES, HALLEX I-2-6-60, 1993 WL 751900 (updated Jan. 15, 2016). As has been seen, Plaintiff's attorney was permitted to, and did, question the vocational expert, the only witness who appeared at the hearing. But even if the ALJ had somehow violated HALLEX I-2-6-60(B), such violation cannot form the basis of a due process claim in federal court. *See Lehman v. Saul*, No. 3:20-CV-0184-HRH, 2021 WL 1232670, at *10 (D. Alaska Apr. 1, 2021) ("[T]he Ninth Circuit has plainly . . . taken the position that HALLEX does not . . . create judicially enforceable duties" upon ALJs or courts. *See also Ronquillo v. Saul*, No. 1:19-CV-1665 JLT, 2021 WL 614637, at *4 (E.D. Cal. Feb. 17, 2021) ("[T]he Ninth Circuit determined failure to comply with HALLEX standards is not a reversible error because 'HALLEX is strictly an internal guidance tool.'") (quoting *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000).)

7

ability to give hearing testimony in a "meaningful manner," *Ford*, 950 F.3d at 1158 n.12, Plaintiff has not shown prejudice. "Reversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "The burden is on the party claiming error to demonstrate not only the error, but also that it affected [their] 'substantial rights,' which is to say, not merely [their] procedural rights." *Id*.

Here, Plaintiff claims she was "unduly prejudiced" because her attorney was not permitted "to complete questioning of his client regarding her inability to perform tasks involved in her past work." (Doc. 12 at 5.) But the ALJ determined Plaintiff was not disabled based on a finding that, given her RFC, Plaintiff could perform her past relevant work as a poultry eviscerator as that job is ***generally*** performed per the Dictionary of Occupational Titles (*see* AR 22–23), not as she ***actually*** performed it—which was the subject matter of her testimony when her counsel ceased his questioning (*See* AR 40 ("ATTY: Okay. The job you worked, was it sit down or stand up? CLMT: Standing.").) Thus, Plaintiff has not shown that additional testimony concerning the "tasks involved in her past work" is material to the ALJ's disability finding.[5] *See Stout*, 454 F.3d at 1055 (mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability determination" constitute harmless error); *Tommasetti*, 533 F.3d at 1038. *See also Geschke v. Astrue*, No. C08-0323-MAT, 2008 WL 11389578, at *14 (W.D. Wash. Sept. 18, 2008), *aff'd*, 393 F. App'x 470 (9th Cir. 2010 (no prejudicial due process violation where ALJ denied ability to cross-examine authors of a document because the ALJ did not discuss, cite, or rely on the document in making his decision).

## V. FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (Doc. 12) be DENIED;

2. The final decision of the Commissioner of Social Security be AFFIRMED; and

3. The Clerk of the Court be DIRECTED to enter judgment in favor of Defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Charanjit Kaur, and to

---

[5] Nor has Plaintiff shown that the lack of additional testimony rendered the record "inadequate to allow for proper evaluation of the evidence," such that would trigger the ALJ's duty to develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).

CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 20, 2024**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE